**STATE of Missouri, Respondent,**

v.

**Nathan WATSON, Appellant.**

**No. 49325.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 29, 1985.

Motion for Rehearing and/or
Transfer Denied Dec. 10, 1985.

Application to Transfer Denied
Feb. 18, 1986.

John H. Cassidy III, St. Louis, for appellant.

Leah A. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

Armed robbery case. The jury found defendant Nathan Watson guilty. The trial court found he was a prior felon and sentenced him to 15 years in prison. He appeals.

By his only point here defendant claims the trial court erred in refusing his verbose not-in-MAI instruction on identification. See the instruction cited at foot-note 2 in *State v. Quinn,* 594 S.W.2d 599, 1.c. 604 (Mo. banc 1980).

The robbery victim testified when he and his wife sought to drive their car away from a parking lot the defendant approached and at gunpoint threatened the husband who gave defendant his money. Meanwhile the victim's wife had entered the car, locked it and began sounding its horn. Defendant ran off.

The victims promptly reported the robbery to police and described defendant. Ten days later police showed defendant's photo to the victims and they identified defendant as the robber. Two months later the victims again identified defendant at a line-up. At defendant's trial seven months later the victims again identified defendant.

Defendant's evidence was alibi, obviously not believed by the jury.

Defendant here relies mainly on *State v. Sanders,* 621 S.W.2d 386 (Mo.App.1981). That court commented that only when a

defendant's identity is impermissibly suggestive does a trial court go beyond the testimony and look to the totality of the circumstances. In that case the court ruled that despite some inconsistencies in identification testimony the trial court had not erred in upholding the victim's identification of defendant. So it is here.

The state relies on the multiple-followed case of *State v. Quinn*, supra. It cited the given instructions MAI–CR 2.01 on the weight of evidence to show robbery and MAI–CR 3.20 on the defense of alibi. *Quinn* then ruled that those two given instructions adequately covered the issues and other instructions were unnecessary. So we hold it was not error here to refuse defendant's offered alibi instruction.

See also *Rucker v. State*, 665 S.W.2d 65 (Mo.App.1984) citing and following QUINN, supra.

Affirmed.

REINHARD, P.J., and CRIST, J., concur.